OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Medina County Bar Association v. Morrison.
[Cite as Medina Cty. Bar Assn. v. Morrison (1994),      Ohio
St.3d        .]
Attorneys at law -- Misconduct -- Indefinite suspension --
     Neglect of an entrusted legal matter -- Continued failure
     to register with the Supreme Court as an attorney or to
     comply with continuing legal education requirements.
     (No. 93-2203 -- Submitted February 2, 1994 -- Decided
April 20, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-21.
     In a complaint filed on June 1, 1992, relator, Medina
County Bar Association, charged respondent, Elroy G. Morrison
of Lodi, Ohio, Attorney Registration No. 0020105, with a single
disciplinary infraction.  The complaint charged that a client
retained respondent to handle her mother's estate.  Thereafter,
respondent neglected closing the estate and told his client
that no estate tax return need be filed, although one was in
fact due.  In July 1990, respondent's client recovered a
judgment against him for $5,760 and $1,000 in punitive
damages.  The complaint alleged respondent failed to act
competently and neglected an entrusted legal matter in
violation of DR 6-101(A)(3).  Respondent never filed an answer
to the complaint.
     On December 8, 1992, a panel of the Board of Commissioners
on Grievances and Discipline of the Supreme Court held a
hearing, and respondent represented himself at the hearing.
Respondent testified that he "would stipulate to the facts of
the complaint and offer no defense" and that he had "decided to
relinquish" his license to practice law.  Under oath,
respondent also admitted that he had neither continued his
registration with the Supreme Court as an attorney nor had he
complied with continuing legal education requirements.  At the
hearing, the panel told respondent that disbarment was not a
normal penalty for his type of misconduct but that respondent
could resign if he chose to do so.  If respondent did resign,
respondent was told the proceedings would be dropped.  To date,
respondent has not submitted his resignation.

The panel concluded that the facts of the complaint had been established through respondent's stipulation, that the judgment against respondent by his client had been paid, and that respondent by his conduct had violated DR 6-101(A)(3). The panel was "troubled by the fact that Respondent indicated [under oath] he was going to tender his resignation to the Ohio Supreme Court" and "yet he has failed to do so[.]" The panel recommended a public reprimand. The board adopted the findings of fact, conclusions of law, and recommendation of the panel.

Our court records reveal that respondent has not been registered as an attorney since September 1, 1991. Our records also reveal respondent has not filed continuing legal education reports for the 1989-1990 and 1991-1992 periods, and has failed to pay the $750 fine imposed for the lack of a 1989-1990 report.

John C. Oberholtzer, for relator.
Elroy G. Morrison, pro se.

Per Curiam. We agree with the board's findings of fact and conclusions of law. However, respondent's continued failure to register as an attorney with this court or to comply with continuing legal education requirements warrants a more severe sanction. Accordingly, we indefinitely suspend Elroy G. Morrison from the practice of law in Ohio until he is in full compliance with the rules of this court. When respondent is in full compliance, he may apply for readmission to the practice of law. Costs taxed to respondent.

                              Judgment accordingly.
Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.